UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>THOMPSON PUBLISHING HOLDING CO., INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13070 (PJW)<br><br>Jointly Administered<br>Re: D.I. 14, 96 |

## ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS; (II) SCHEDULING HEARING TO CONSIDER SALE OF ASSETS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Sale Motion")[2] of Thompson Publishing Holding Co., Inc. and its subsidiaries and affiliates, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of orders approving, among other things, the sale of substantially all of the assets of the Debtors and related bidding procedures; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Sale Motion having been given under the circumstances; and upon the record of the hearing on the Sale Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors and the last four digits of each Debtors' federal tax identification numbers are: Thompson Publishing Holding Co., Inc., a Delaware corporation, Fed. Tax ID No. 5470; Thompson Publishing Group, Inc., a Delaware corporation, Fed. Tax ID No. 9013; TPG AES Holding Co., Inc., a Delaware corporation, Fed. Tax ID No. 1658; AHC Media LLC, a Delaware limited liability company, Fed. Tax ID No. 2136; Alex eSolutions, Inc., a Delaware corporation, Fed. Tax ID No. 5725; The Performance Institute, Inc., a Virginia corporation, Fed. Tax ID No. 8059 and Thompson Publishing Development, LLC, a Delaware limited liability company, Fed. Tax ID No. 2093.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

4729764

**FOUND AND DETERMINED THAT:**

A.  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. See Bankruptcy Rule 7052.

B.  This Court has jurisdiction over the Sale Motion and the transactions contemplated by the Stalking Horse Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  Good and sufficient notice of the Sale Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D.  The Debtors' proposed notice of the Auction and the Sale Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of the Purchased Assets, and the Bidding Procedures to be employed in connection therewith.

E.  The Debtors have been unable to find a purchaser for the Purchased Assets who is willing to enter into a definitive agreement to acquire the Purchased Assets on terms as favorable to the Debtors and their estates as the Stalking Horse Purchase Agreement.

F.  The Stalking Horse Purchase Agreement represents the best offer the Debtors have received to date as a result of their prepetition efforts to market the Purchased Assets for sale.

G.  No other party to date has offered to enter into an asset purchase agreement for the acquisition of the Purchased Assets on terms acceptable to the Debtors. The execution of the Stalking Horse Purchase Agreement is a necessary prerequisite to determining

-2-

whether any party other than the Potential Purchaser is willing to enter into a definitive agreement for the acquisition of the Purchased Assets on terms acceptable to the Debtors and their creditor constituency.

H. The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (a) the scheduling of a bid deadline, Auction and Sale Hearing with respect to the proposed sale of the Purchased Assets; and (b) the establishment of procedures to fix the Cure Amounts to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Designated Executory Contracts.

I. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

J. The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Sale Motion is granted as and to the extent set forth herein.

2. All Objections to the Sale Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bidding Procedures, in substantially the form attached hereto as Schedule 1, are incorporated herein and approved, and shall apply with respect to the sale of the Purchased Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

4. As further described in the Bidding Procedures, the deadline for

submitting bids for the Purchased Assets (the "Bid Deadline") is November 12, 2010 at 4:30 p.m. (prevailing Eastern Time). No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

5. The Debtors may sell the Purchased Assets by conducting an Auction in accordance with the Bidding Procedures. If one or more Qualified Bids (or two or more Qualified Partial Bids that provide for total aggregate consideration to the Debtors in excess of the consideration to be provided pursuant to the Stalking Horse Purchase Agreement plus an amount equal to the Minimum Overbid Amount) are timely received by the Debtors in accordance with the Bidding Procedures, the Auction shall take place on November 17, 2010 at 10:00 a.m. (prevailing Eastern Time) at the offices of at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market St., Wilmington, Delaware 19801, or such other place and time as the Debtors shall notify all Qualified Bidders, the First Lien Agent, any statutory committee appointed in these cases, and other invitees (as determined by the Debtors in consultation with the First Lien Agent). If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held and the Debtors may promptly seek Bankruptcy Court approval of the Stalking Horse Purchase Agreement.

6. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

7. The Sale Hearing shall be held before this Court on **November 19, 2010 at 9:30 a.m.** (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

8. On or before October 15, 2010, the Debtors will cause the notice,

substantially in the form attached hereto as Schedule 2 (the "Notice of Auction and Sale Hearing"), and the Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (a) the U.S. Trustee; (b) counsel for any statutory committee in these cases, if and when appointed; (c) counsel to the First Lien Agent; (d) all taxing authorities and other governmental agencies having jurisdiction over any of the Purchased Assets, including the Internal Revenue Service; (e) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (f) all Persons known or reasonably believed to have asserted an Interest on any of the Purchased Assets; (g) the non-Debtor parties to the Designated Executory Contracts; (h) all Persons known or reasonably believed to have expressed an interest in acquiring some or all of the Purchased Assets within the last six months, including the Potential Purchaser; (i) the Attorneys General in the State(s) where the Purchased Assets are located; (j) the top 40 unsecured creditors of Debtors; and ((k) counsel for the Second Lien Agent.[3] In addition to the foregoing, (i) electronic notification of this Sale Motion, the Bidding Procedures Order and the Notice of Auction and Sale Hearing also will be posted on: (A) the Court's website, www.deb.uscourts.gov; and (B) the case website maintained by the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC; and (ii) on or before five (5) business days after entry of the Bidding Procedures Order, the Debtors will: (A) serve the Notice of Auction and Sale Hearing on all known creditors of the Debtors; and (B) subject to applicable submission deadlines, publish the Notice of Auction and Sale Hearing once in the national edition of the *Wall Street Journal*.

9. On or before five (5) business days after the entry of the Bidding

---

[3] The Notice of Auction and Sale Hearing will direct parties to contact Choate, Hall & Stewart LLP, proposed co-counsel to the Debtors, or SSG Capital Advisors, LLC, investment banker for the Debtors, for more information and will provide that any party in interest that wishes to obtain a copy of any related document (including the Stalking Horse Purchase Agreement), subject to any necessary confidentiality agreement, may make a request in writing as specified in the Notice of Auction and Sale Hearing.

Procedures Order, the Debtors shall serve by first class mail or hand delivery, a notice of potential assumption, assignment and/or transfer of the Designated Executory Contracts, substantially in the form attached hereto as Schedule 3 (the "Notice of Assumption and Assignment") on all non-debtor parties to the Designated Executory Contracts. The Assumption Notice shall identify whether each Designated Executory Contract is a Purchased Asset and the calculation of the cure amounts that the Debtors believe must be paid to cure all defaults outstanding under the Designated Executory Contracts as of such date (the "Cure Amounts"). In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to Potential Purchaser not set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

10. Unless the non-debtor party to a Designated Executory Contract files an objection (the "Cure Amount/Assignment Objection") to (a) its scheduled Cure Amount, and/or (b) the proposed assumption, assignment and/or transfer of such Designated Executory Contract by the later of (i) 4:00 p.m. (prevailing Eastern Time) on November 9, 2010 or (ii) ten (10) days after service of the Supplemental Notice of Assumption and Assignment (collectively, the "Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline on the same day to: (a) the Debtors, P.O. Box 26185, Tampa, FL 33623-6185 (Attn: Kevin Ooley, Chief Financial Officer); (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market St., Wilmington, Delaware 19801 (Attn: Derek C. Abbott), co-counsel to the Debtors; (c) Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (Attn: John F.

Ventola, Esq. and Lisa E. Herrington, Esq.), co-counsel to the Debtors; (d) counsel to any statutory committee that may be appointed in these cases; (e) Blank Rome LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Regina Stango Kelbon, Esq. and Bonnie Glantz Fatell, Esq.) and Sidley Austin LLP, 555 West Fifth Street, 40th Floor, Los Angeles, California 90013 (Attn: Jennifer Hagle, Esq.), counsel to the First Lien Agent ; and (f) the Office of the United States Trustee, 844 King Street, Room 2207, Wilmington, Delaware 19801 (Attn: Juliet Sarkessian) (collectively, the "Notice Parties"); then such non-debtor party will (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts as of the Cure Date with respect to such Designated Executory Contract and the Debtors shall be entitled to rely solely upon the Cure Amount, and (ii) if the Designated Executory Contract was identified as a Purchased Asset and the Potential Purchaser is the Successful Bidder, be deemed to have consented to the assumption, assignment and/or transfer of such Designated Executory Contract to the Potential Purchaser, and shall be forever barred and estopped from asserting or claiming against the Debtors, the Potential Purchaser or such other Successful Bidder or any other assignee of the relevant Designated Executory Contract that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied, as of the Cure Date, under such Designated Executory Contract.

11. If an objection challenges a Cure Amount, the objection must set forth the prepetition cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of an objection to a Cure Amount, the Debtors may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the Debtors and the

objecting party. If the Debtors hold the Claimed Cure Amount in reserve, the Debtors may assume and assign the Designated Executory Contract that is the subject of an objection relating to that Designated Executory Contract's Cure Amount without further delay.

12. The Debtors, the Potential Purchaser, or the other Successful Bidder, as the case may be, may determine to exclude any Designated Executory Contract (an "Excluded Contract") from the list of Purchased Assets no later than the fifth (5th) business day prior to the Auction (or, if there is no Auction, the seventh (7th) day before the Sale Hearing). The non-debtor party or parties to any such Excluded Contract will be notified of such exclusion by written notice mailed within five (5) business days of such determination.

13. In the event that the Potential Purchaser is not the Successful Bidder for the Purchased Assets and for those Designated Executory Contracts identified in the Notice of Assumption and Assignment, immediately after the conclusion of the Auction for the Purchased Assets, the Debtors will serve (by facsimile or electronic mail to the extent possible) a notice identifying the Successful Bidder to the non-debtor parties to the Designated Executory Contracts that have been identified in such Successful Bid. The non-debtor parties to the Designated Executory Contracts may, at or prior to the Sale Hearing, object to the assumption, assignment and/or transfer of such Designated Executory Contract solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

14. Objections to the sale of the Purchased Assets, or the relief requested in the Sale Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:30 p.m. (prevailing

Eastern Time) on November 12, 2010, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:30 p.m. (prevailing Eastern Time) on the same day, upon the Notice Parties. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

15. The Notice of Auction and Sale Hearing and the Notice of Assumption and Assignment to be issued in connection with the proposed sale of the Purchased Assets, substantially in the forms annexed hereto as Schedule 2 and Schedule 3, respectively, are approved.

16. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties-in-interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

17. Except as otherwise provided herein and in the Bidding Procedures, Local Rule 6004-1(c)(ii) is waived.

18. Subject to the provisions of the Stalking Horse Purchase Agreement, the Bidding Procedures and this Bidding Procedures Order, the Debtors shall have the right as they may reasonably determine to be in the best interests of their estates, after consultation with the First Lien Agent, to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid or group of Qualified Partial Bids is the highest and best proposal and which is the next highest and best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) remove some of the Purchased Assets from the Auction; (f) waive terms and conditions set forth herein with respect to all potential bidders; (g) impose

additional terms and conditions with respect to all potential bidders and the Potential Purchaser; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (j) modify the Bidding Procedures as the Debtors may determine to be in the best interest of their estates or to withdraw the Sale Motion at any time with or without prejudice.

19. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and Bidding Procedures Order shall be effective immediately upon its entry.

20. Notwithstanding anything to the contrary herein or in the Bid Procedures, the First Lien Agent's rights under section 363 of the Bankruptcy Code are hereby preserved.

21. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: Oct 13, 2010
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE