## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| THOMPSON PUBLISHING HOLDING CO., INC., *et al.*,[1] | Case No. 10-13070 (PJW) |
| Debtors. | **Jointly Administered** |
| | **Re: D.I. 167** |

### ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING PROOF OF CLAIM FORM, BAR DATE NOTICES AND MAILING AND PUBLICATION PROCEDURES, (III) IMPLEMENTING UNIFORM PROCEDURES REGARDING 503(b)(9) CLAIMS, AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 501 the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3) and Local Rules 2002-1(e) and 3003-1, (i) establishing the General Bar Date by which all creditors and certain interest holders must file proofs of claim[3] in these chapter 11 cases; (ii) establishing the later of the General Bar Date and thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court as the Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of such contract or lease must be filed; (iii) establishing the

---

[1]  The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Thompson Publishing Holding Co. Inc. (5470), AHC Media LLC (2136), Alex eSolutions, Inc. (5725), Thompson Publishing Group, Inc. (9013), The Performance Institute, Inc. (8059), TPG AES Holding Co., Inc. (1658) and Thompson Publishing Development, LLC (2093), c/o P.O. Box 26185, Tampa, FL 33623-6185.

[2]  Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

[3]  The Bar Dates approved herein shall not extend to requests for payment of fees and expenses of professionals retained or sought to be retained by order of the Court in these cases.

Amended Schedule Bar Date by which creditors holding claims which have been amended by the Debtors in their Schedules as the later of the General Bar Date and twenty (20) days after the date that notice of the amendment is served on the affected claimant; (iv) establishing the procedure by which requests for payment of certain administrative expenses pursuant to section 503(b)(9) of the Bankruptcy Code must be filed; (v) approving the Claim Form to be distributed to potential creditors; (vi) approving the Bar Date Notice and the Publication Notice to be used to inform potential creditors of the Bar Dates; (vii) approving mailing and publication procedures with respect to notice of the Bar Dates; and (viii) providing certain supplemental relief; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and that the establishment of the Bar Dates and the procedures set forth in the Motion are fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors or their property in these chapter 11 cases; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this Motion having been due and sufficient under the circumstances; and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.   The Motion is GRANTED as set forth herein.

2.   <u>Bar Dates</u>.  The Bar Dates set forth in the Motion are hereby APPROVED.

3.   <u>Notices and Forms</u>.  The forms of the Bar Date Notice, the Publication Notice, and the Claim Form, substantially in the form attached to the Motion, and the manner of providing notice of the Bar Dates proposed in the Motion, are APPROVED.  The form and

manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4. <u>The General Bar Date</u>. The General Bar Date by which proofs of claim against the Debtors must be filed is 4:00 p.m. (ET) on the forty-fifth (45) day following the date of mailing of the Bar Date Notice Package,[4] <u>provided</u>, <u>however</u>, that the General Bar Date for governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) is **March 21, 2010 at 4:00 p.m. (ET)**.

5. Any Entity that asserts a Prepetition Claim against the Debtors is required to file an original, written proof of such Prepetition Claim using the Claim Form or Official Form No. 10 so as to be received on or before the General Bar Date by either mail or delivery by hand, courier, or overnight service to: (i) <u>if via mail</u>, **Thompson Publishing Holding Co., Inc. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5286, New York, NY 10150-5286** or (ii) <u>if via delivery by hand, courier or overnight service</u>, **Thompson Publishing Holding Co., Inc. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017** (either, the "Claims Docketing Center").

6. The Claims Docketing Center will <u>not</u> accept Claim Forms sent by facsimile, telecopy, or other electronic means. A proof of claim or request for payment of a 503(b)(9) Claim shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the General Bar Date.

---

[4]  In accordance with Bankruptcy Rule 9006, in the event the forty-fifth (45) day following the date of the mailing of the Bar Date Notice Package falls on a "Saturday, Sunday, or a legal holiday, or when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible . . . the period runs until the end of the next day which is not one of the aforementioned days." Fed. R. Bankr. P. 9006(a).

7. The following Entities <u>do not</u> need to file proofs of claim:

    (a)    any Entity that has already properly filed with the Claims Docketing Center a proof of claim against one or more of the Debtors for which no other or additional amounts or claims are sought;

    (b)    any entity whose Prepetition Claim or 503(b)(9) Claim is listed in the Debtors' schedules of assets and liabilities (the "Schedules"), **and** is not designated as "disputed," "contingent," or "unliquidated," **and** with respect to which the entity agrees with the nature, classification and amount that such Prepetition Claim or 503(b)(9) Claim is identified in the Schedules, **and** with respect to which the entity agrees that its Prepetition Claim or 503(b)(9) Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim or 503(b)(9) Claim in its Schedules;

    (c)    any Entity whose Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim or 503(b)(9) Claim listed in the Debtors' Schedules) previously has been allowed by, or paid pursuant to, an order of this Court;

    (d)    any of the Debtors that hold Prepetition Claims or 503(b)(9) Claims against one or more of the other Debtors; and

    (e)    any current or former equity security holder that seeks to assert <u>only</u> stock ownership interests.[5]

8. Any Entity (a) whose Prepetition Claim is not listed in the applicable Debtor's Schedules, or is listed as disputed, contingent or unliquidated and that desires to participate in or share in any distribution in any of these chapter 11 cases and (b) any Entity that believes its Prepetition Claim is improperly classified in the Schedules, or is listed in an incorrect amount or is not listed in the Schedules of each of the Debtors against whom such Entity asserts a claim and that desires to have its Prepetition Claim allowed in a classification or amount other than that set forth in the Schedules, must file a proof of claim on or before the General Bar Date.

---

[5] Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership is required to file a proof of claim by the General Bar Date.

9. <u>The Rejection Bar Date</u>. The Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed is the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

10. Entities wishing to assert a Rejection Damages Claim are required to file an original proof of such Rejection Damages Claim using the Claim Form so as to be received on or before the Rejection Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address identified above for the Claims Docketing Center.

11. The Claims Docketing Center will <u>not</u> accept Claim Forms or sent by facsimile, telecopy, or other electronic means. A proof of claim with respect to a Rejection Damages Claim shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the Rejection Bar Date.

12. <u>The Amended Schedule Bar Date</u>. The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the Debtors to the Schedules is the later of (a) the General Bar Date and (b) twenty (20) days after the date that notice of the amendment or addition is served on the affected claimant.

13. Entities wishing to file proofs of claim with respect to claims which have been amended by the Debtors in their Schedules or added thereto are required to file an original proof of such claim using the Claim Form so as to be received on or before the Amended Schedule Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address identified above for the Claims Docketing Center.

14. The Claims Docketing Center will <u>not</u> accept Claim Forms sent by facsimile, telecopy, or other electronic means. A proof of claim with respect to a claim which

has been amended by the Debtors in their Schedules or added thereto shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the Amended Schedule Bar Date.

15. <u>503(b)(9) Claims</u>. The following procedures shall apply for the filing of 503(b)(9) Claims:

(a) 503(b)(9) Claimants may use the 503(b)(9) administrative expense proof of claim form, attached to the Motion as **Exhibit A** (the "<u>Claim Form</u>"), to indicate that a 503(b)(9) Claim is being asserted. As set forth in the Claim Form, each 503(b)(9) Claim against the Debtors must include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods the 503(b)(9) Claimant contends the Debtor received within 20 days before the Petition Date; (iv) documentation, including invoices, receipts, bills of lading and the like, identifying the particular goods for which the claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546 of the Bankruptcy Code; and (vi) a certification that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business;

(b) All of this required information should be sent to Epiq, substantially in the form of the Claim Form so as to be received on or before the General Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address identified above for the Claims Docketing Center;

(c) 503(b)(9) Claimants shall not file a motion to compel allowance or payment of administrative expenses for their 503(b)(9) Claims. All timely filed 503(b)(9) Claims shall be deemed allowed unless objected to by the Debtors or any other party-in-interest in accordance with further procedures for claim allowance to be established by the Court. Should such an objection be filed, such claim shall be adjudicated and allowed in accordance with the further procedures set forth in this Order. To the extent any 503(b)(9) Claims are allowed pursuant to these 503(b)(9) Claims Procedures and are entitled to administrative priority pursuant to the Bankruptcy Code, the claim shall be paid pursuant to and set forth in such plan of reorganization as shall be confirmed by the Court;

(d)     Nothing in this Order shall preclude any 503(b)(9) Claimant from filing a motion seeking, after notice and a hearing, payment of 503(b)(9) Claims earlier than provided for herein so long as such motion is predicated on events that have taken place in these cases subsequent to the entry of this Order, and the movant asserts that in light of such subsequent events the earlier payment of the movant's 503(b)(9) Claims is necessary to ensure fair and equitable treatment of such 503(b)(9) Claimants or is otherwise appropriate under the circumstances; and

(e)     Nothing in this Order shall affect the rights and remedies and/or defenses of the Debtors, claimants or any other party-in-interest with regard to avoidance of any claim or obligation.

16.     <u>Claim Form</u>.  Each proof of claim filed and each request for payment of a 503(b)(9) Claim must: (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform substantially with the Claim Form provided or Official Form No. 10, as applicable, (d) attach copies of any writings upon which the claim is based, and (e) when asserting a 503(b)(9) Claims shall also comply with the 503(b)(9) Claims Procedures.

17.     <u>Writings</u>.  Upon the advance express written consent of the Debtors, a proof of claim or request for payment of a 503(b)(9) Claim may be filed without the writings upon which the Prepetition Claim or 503(b)(9) Claim, as applicable, is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; provided, however, that, upon request of the Debtors or any other party in interest in these cases, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors and the party in interest making such request as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request.

18.     <u>Filing Proofs of Claim or Requests for Payment Against Multiple Debtors</u>.  All Entities asserting claims against more than one Debtor are required to:  (a) file a separate proof of claim and/or request for payment of a 503(b)(9) Claim, as applicable, with respect to

each such Debtor and (b) identify on each proof of claim and/or request for payment of a 503(b)(9) Claim, as applicable, the particular Debtor against which their claim is asserted.

19.    <u>Effect of Failure to File by Applicable Bar Date</u>.    Any Entity that is required pursuant to this Order to file a proof of claim or a request for payment of a 503(b)(9) Claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to do so on or by an applicable Bar Date, is forever barred, estopped, and enjoined from: asserting any Prepetition Claim or 503(b)(9) Claim against any of the Debtors (or filing a proof of claim or request for payment of 503(b)(9) Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Prepetition Claim or 503(b)(9) Claim.  Additionally, any holder of any Prepetition Claim or 503(b)(9) Claim who is required, but fails, to file a proof of such Prepetition Claim or request for payment of such 503(b)(9) Claim in accordance with this Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtors' chapter 11 cases on account of such Prepetition Claim or 503(b)(9) Claim or to receive further notices regarding such Prepetition Claim or 503(b)(9) Claim.

20.    <u>Mailing of Bar Date Notice Packages</u>.    The Debtors shall provide actual notice of the Bar Dates by mailing the Bar Date Notice and the Claim Form (collectively, the "<u>Bar Date Notice Package</u>") within ten (10) business days of the entry of this Order to: (a) the U.S. Trustee; (b) all holders of Prepetition Claims and 503(b)(9) Claims listed on the Schedules at the addresses stated therein; (c) all counterparties to executory contracts and unexpired leases; (d) all record holders of equity security interests of a Debtor as of the Petition Date; (e) all current and former employees of the Debtors that left the employ of the Debtors on or after October 1, 2008; (f) all taxing authorities for locations in which the Debtors do business; (g) the

Securities and Exchange Commission; (h) all lienholders; (i) all parties to litigation in which the Debtors are involved; (j) all providers of utility services to the Debtors; (k) all insurance providers; (j) all of the Debtors' ordinary course professionals; (m) the Debtors' banks; (n) the Debtors' pre- and post-petition secured lenders; (o) all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order; and (p) all parties that have filed proofs of claim in these cases as of the date of entry of this Order (collectively, the "Bar Date Notice Parties").

21.     The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice to certain Entities that are not Bar Date Notice Parties with which, prior to the Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

22.     Supplemental Mailings of Bar Date Notice Packages.  In the event that: (a) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity security holders) decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors (collectively, the "Special Bar Date Parties"), the Debtors shall, to the extent they become aware of such Special Bar Date Parties prior to the applicable Bar Dates, make supplemental mailings of the Bar Date Notice Package up to twenty-three (23) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely.

23.     Establishment of Special Bar Dates.  The Debtors are authorized to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Date Notice Package is necessary and cannot be accomplished prior to

twenty-three (23) days in advance of an applicable Bar Date. With respect to the Special Bar Date Parties, the Debtors are authorized to establish special bar dates at least twenty (20) days after the date on which the Debtors mail the notice of each such special bar date. Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date provisions). The Debtors shall advise the Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date. In addition to being filed with the Court, the Debtors shall serve such notice upon the U.S. Trustee. The Debtors shall file a certificate of service to evidence the mailing of each special bar date notice to the parties subject thereto.

24.     Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. As to any of such specifically identified parties, however, who may be found to have received effective notice of the Bar Dates, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, governs. The Bar Dates will remain effective and fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice and with respect to unknown parties who are deemed to have received constructive notice thereof pursuant to the Publication Notice.

25.     Actual Notice of Amended Schedule Bar Date. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim or add a claim to the Schedules, the Debtors shall provide notice to the affected claimant of any such amended or added claim, which shall include information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

26.    <u>Assistance of Claims Agent</u>.  Epiq Bankruptcy Solutions, LLC ("Epiq"), the claims agent appointed in these cases, is authorized to facilitate and coordinate the claims reconciliation and bar date notice functions, including the mailing of the Bar Date Notice Packages.  To the extent that Epiq requires any assistance with the preparation and mailing of the Bar Date Notice Package, Epiq is authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services.  Epiq is further authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

27.    <u>Publication Notice</u>.  The Debtors shall cause the Publication Notice to be published in the national edition of *The Wall Street Journal* as soon as practicable after entry of this Order but in any event no later than twenty-three (23) days prior to the earliest of the Bar Dates.

28.    <u>Reservation of Rights</u>.  The Debtors shall retain and hereby reserve the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Claim or 503(b)(9) Claim; (b) subsequently designate any Prepetition Claim as disputed, contingent or unliquidated; and (c) object to any Prepetition Claim, whether scheduled or filed, and any 503(b)(9) Claim, on any grounds.

29.    Pursuant to an order of this Court (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing on a Final Basis and (B) Utilize Cash Collateral of Pre-Petition Secured Parties on a Final Basis, (II) Granting Adequate Protection, and (III) Modifying the Automatic Stay and (IV) Granting Related Relief, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 (c), (d) & (e), 364(c), 364(d)(1), 364(e) and 507(b), entered on October 12, 2010 (the "Financing Order"), a) by virtue of the passing of the Challenge Expiration Date (as defined in the Financing

Order) without a Challenge having been brought, the allowed claim of the Pre-Petition First Lien Secured Parties (as defined in the Financing Order) was validated in an amount not less than $122,618,531.00 (the "Allowed Claim"); and b) the Pre-Petition First Lien Secured Parties are not required to file any proofs of claim. Consequently, notwithstanding anything to the contrary contained herein, this Order does not apply to the Pre-Petition First Lien Secured Parties and does not affect in any way the Allowed Claim.

30.     The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the Bar Dates.

31.     This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

Dated:  November 29, 2010
        Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE