# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>THOMPSON PUBLISHING HOLDING CO., INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13070 (PJW)<br><br>**Jointly Administered** |

### NOTICE OF DEADLINE OF JANUARY 18, 2011 AT 4:00 P.M. (ET) TO FILE (I) PROOFS OF CLAIM AND (II) REQUESTS FOR PAYMENT OF 503(b)(9) CLAIMS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On September 21, 2010, (the "Petition Date"), Thompson Publishing Holding Co. Inc., AHC Media LLC, Alex eSolutions, Inc., Thompson Publishing Group, Inc., The Performance Institute, Inc., TPG AES Holding Co., Inc. and Thompson Publishing Development, LLC, (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Court (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

Under the Bankruptcy Code, the Debtors are granted certain protections against creditors. A creditor is anyone to whom the Debtors owe money or property. Creditors are prohibited from taking any actions to collect money or property from the Debtors. If unauthorized actions are taken by a creditor against any of the Debtors, the Court may penalize that creditor. A creditor who is considering taking action against any of the Debtors, or property of the Debtors, may wish to consult an attorney. The staff of the Clerk of the Court is not permitted to give legal advice.

#### Prepetition Claim and 503(b)(9) Claim Bar Date

By Order of this Court entered on November 29, 2010 (the "Bar Date Order"), the last date and time for filing proofs of claim against the Debtors for any and all Prepetition Claims (as defined below) and any and all 503(b)(9) Claims (as defined below) is **January 18, 2011 at 4:00 p.m. (ET)** (the "General Bar Date" and, together with the General Bar Date, the Rejection Bar Date and the Amended Schedule Bar Date,[2] the "Bar Dates"), provided that the bar date applicable to governmental units (as defined in section 101(27) of the Bankruptcy Code) is **March 21, 2011 at 4:00 p.m. (ET)**. The General Bar Date and the procedures set forth below for the filing of proofs of claim apply to all: (i) claims against the Debtors that arose on or before the Petition Date including claims for reclamation of goods delivered to the Debtors within forty-five (45) days prior to the Petition Date ("Prepetition Claims") and (ii) claims against the Debtors made by sellers of goods for the value of goods received by a debtor in the ordinary course of business within 20 days of the commencement of a case ("503(b)(9) Claims").

---

[1]     The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Thompson Publishing Holding Co. Inc. (5470), AHC Media LLC (2136), Alex eSolutions, Inc. (5725), Thompson Publishing Group, Inc. (9013), The Performance Institute, Inc. (8059), TPG AES Holding Co., Inc. (1658) and Thompson Publishing Development, LLC (2093), c/o P.O. Box 26185, Tampa, FL 33623-6185.

[2]     As defined in the Debtors' Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim, (ii) Approving Proof of Claim Form, Bar Date Notices and Mailing and Publication Procedures, (iii) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (iii) Providing Certain Supplemental Relief (D.I. 167) filed on November 12, 2010.

You MUST file a proof of claim if you have a claim that arose on or before the Petition Date, and it is not an Excluded Prepetition Claim (as defined below). Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Under section 101(5) of the Bankruptcy Code as used herein, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. <u>All entities asserting claims against more than one Debtor are required to file a separate proof of claim with respect to each such Debtor.</u>

The General Bar Date applies to all Prepetition Claims and 503(b)(9) Claims, except that the following entities <u>do</u> not need to file proofs of claim:

(a)      any entity that has already properly filed with the Claims Docketing Center (as defined below) a proof of claim against one or more of the Debtors for which no other or additional amounts or claims are sought;

(b)      an entity whose Prepetition Claim or 503(b)(9) Claim is listed in the Debtors' schedules of assets and liabilities (the "Schedules"), **and** is not designated as "disputed," "contingent," or "unliquidated," **and** with respect to which the entity agrees with the nature, classification and amount that such Prepetition Claim or 503(b)(9) Claim is identified in the Schedules, **and** with respect to which the entity agrees that its Prepetition Claim or 503(b)(9) Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim or 503(b)(9) Claim in its Schedules;

(c)      any Entity whose Prepetition Claim or 503(b)(9) Claim has been allowed previously by, or paid pursuant to, an order of the Court;

(d)      any of the Debtors that hold Prepetition Claim or 503(b)(9) Claim against one or more of the other Debtors; and

(e)      any current or former equity security holder that seeks to assert <u>only</u> stock ownership interests.[3]

The foregoing claims are collectively referred to herein as the "Excluded Prepetition Claims."

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST A DEBTOR. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

If you wish to submit a rejection damages claim arising from the Debtors' rejection of an executory contract or unexpired lease during these chapter 11 cases, such proof of claim must be filed by the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court (the "Rejection Bar Date"). Any other claims arising before the Petition Date with respect to any leases or contracts of the Debtors must be filed by the General Bar Date.

**EXCEPT WITH RESPECT TO EXCLUDED PREPETITION CLAIMS, ANY ENTITY WHO FAILS TO FILE A PROOF OF CLAIM OR 503(B)(9) CLAIM ON OR BEFORE JANUARY 18, 2011 AT 4:00 P.M. (ET), FOR ANY PREPETITION CLAIMS OR 503(B)(9) CLAIMS THAT SUCH ENTITY HOLDS OR WISHES TO ASSERT AGAINST A DEBTOR, WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM (OR FILING A PROOF OF CLAIM OR 503(B)(9) CLAIM WITH RESPECT TO SUCH PREPETITION CLAIM) AGAINST THE DEBTORS, AND THE DEBTORS AND THEIR PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH PREPETITION CLAIM OR 503(B)(9) CLAIM, AND SUCH ENTITY SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER**

---

[3]      Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

11 CASES ON ACCOUNT OF SUCH PREPETITION CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH PREPETITION CLAIM OR 503(B)(9) CLAIM.

**Procedures Generally Applicable to the Filing of
Proofs of Claim and Requests for Payment of 503(b)(9) Claims**

Except as provided herein, proofs of claim and requests for payment of 503(b)(9) Claims must be filed so as to be received on or before **January 18, 2011 at 4:00 p.m. (ET)**.

A proof of claim or a request for payment of a 503(b)(9) Claim will be deemed timely filed only if the original proof of claim or request for payment of a 503(b)(9) Claim, as appropriate, is mailed or delivered by hand, courier or overnight service so as to be actually received by Epiq Bankruptcy Solutions, LLC ("Epiq"), at the following addresses (the "Claims Docketing Center") on or before the General Bar Date:

| | |
|---|---|
| **If via U.S. mail:** | **If via delivery by hand, courier, or overnight service:** |
| Epiq Bankruptcy Solutions, LLC, as agent for the United States Bankruptcy Court for the District of Delaware | Epiq Bankruptcy Solutions, LLC, as agent for the United States Bankruptcy Court for the District of Delaware |
| Re: Thompson Publishing Holding Co., Inc., et al. | Re: Thompson Publishing Holding Co., Inc., et al. |
| FDR Station, PO Box 5286 | 757 Third Avenue, 3rd Floor |
| New York, NY 10150-5286 | New York, NY 10017 |

Proofs of claim and requests for payment of 503(b)(9) Claims may not be sent by facsimile, telecopy or other electronic means. Any claimant wishing to receive an acknowledgment of the receipt of its proof of claim must submit an additional copy (stamped "Copy") and a self-addressed stamped envelope with sufficient return postage.

If you file a proof of claim or request for payment of a 503(b)(9) Claim, your filed proof of claim or request for payment must (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) if (i) a proof of claim, conform substantially with the enclosed proof of claim form or to Official Form No. 10 and, (ii) a request for payment of a 503(b)(9) Claim, conform substantially with the enclosed request for payment form, (d) attach copies of any writings upon which your asserted Prepetition Claim or 503(b)(9) Claim is based, and (e) be signed by the claimant or by an authorized agent of the claimant. If a proof of claim form or request for payment form is not enclosed herewith, you may obtain a proof of claim form or request for payment form by written request to Epiq sent to the appropriate address set forth above or at the website maintained for these cases by Epiq at the address http://dm.epiq11.com/TPI. Additionally, you may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer or from certain business supply stores.

You may be listed as the holder of a claim against the Debtors in the Debtors' respective Schedules. To determine if and how you are listed on the Schedules, please refer to and carefully review the Schedules.

Copies of the Schedules and the Bar Date Order are available and may be examined by interested parties (i) at the website maintained for these cases by Epiq at the address http://dm.epiq11.com/TPI, (ii) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801 between the hours of 8:00 a.m. and 3:00 p.m. (ET), or (iii) on the Court's electronic docket of these cases at the address www.deb.uscourts.gov.

If you have any questions regarding the filing, or processing of a proof of claim or request for payment of a 503(b)(9) Claim, please call Epiq at (866) 316-7766. YOU SHOULD CONSULT YOUR ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM OR REQUEST FOR PAYMENT OF A 503(b)(9) CLAIM. **DO NOT ATTEMPT TO CONTACT THE COURT FOR ADVICE.**

Dated: November 30, 2010

Wilmington, Delaware        **BY ORDER OF THE UNITED STATES BANKRUPTCY COURT**

3884937