IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>TPH SELLER, INC. (f/k/a THOMPSON PUBLISHING HOLDING CO., INC.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13070 (PJW)<br><br>Jointly Administered<br><br>Re: D.I. 278 & 294 |

## ORDER (A) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT FOR THE DEBTORS' FIRST AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE DATED MARCH 28, 2011; (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (C) SCHEDULING A HEARING ON CONFIRMATION OF THE PLAN; AND (D) APPROVING RELATED NOTICE PROCEDURES

This matter having been brought before the Court by TPH Seller, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") seeking an order (a) approving the adequacy of the Disclosure Statement for the Debtors' First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code dated March 28, 2011 (the "**Disclosure Statement**"), (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Debtors' First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code dated March 28, 2011 (the "**Plan**"), (c) scheduling a hearing on confirmation of the Plan (the "**Confirmation Hearing**"), and (d) approving related notice procedures (this Order referred to herein as the "**Disclosure Statement Order**"); the Court having reviewed the Disclosure Statement and having heard statements of counsel regarding the adequacy of the Disclosure Statement at a

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): TPH Seller, Inc. (f/k/a Thompson Publishing Holding Co. Inc.) (5470), AHC Seller LLC (f/k/a AHC Media LLC) (2136), AES Seller, Inc. (f/k/a Alex eSolutions, Inc.) (5725), TPG Seller, Inc. (f/k/a Thompson Publishing Group, Inc.) (2093), PI Seller, Inc. (f/k/a The Performance Institute, Inc.) (8059), TPG AES Holding Seller, Inc. (f/k/a TPG AES Holding Co., Inc.) (1658), and TPD Seller, LLC (f/k/a Thompson Publishing Development, LLC) (2093), c/o P.O. Box 26185, Tampa, FL 33623-6185.

hearing before the Court on March 29, 2011(the "**Hearing**"), and the Court having determined that the legal and factual bases for approval of the Disclosure Statement and related relief establishes just cause for the relief granted herein;

**THE COURT HEREBY FINDS THAT:**

A. Capitalized terms not otherwise defined in this Disclosure Statement Order have the meanings ascribed to them in the Disclosure Statement and/or in the Plan, as the case may be.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D. Notice of the Disclosure Statement and the Hearing was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules of this Court.

E. The relief granted in this Disclosure Statement Order is warranted under the circumstances and is in the best interests of the Debtors' estate and holders of Claims and Interests.

F. The Disclosure Statement complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules and contains "adequate information" as such term is defined in section 1125(a) of the Bankruptcy Code;

G. The forms of the ballots attached hereto as Exhibit A-1 and Exhibit A-2 (the "**Ballots**") (i) adequately address the particular needs of the Debtors in these cases, (ii) are appropriate for the two Classes of Claims that are entitled to vote to accept or reject the Plan, and (iii) comply with Bankruptcy Rule 3017(d).

H.  Ballots need not be provided to holders of unclassified Claims or to holders of Claims or Interests in Classes 1, 2, 5 or 6 under the Plan because such Claims or Interests are not entitled to vote to accept or reject the Plan.

I.  The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Disclosure Statement Order, provides a sufficient time for Creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

J.  The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d).

**IT IS HEREBY ORDERED THAT:**

1.  The Disclosure Statement is hereby APPROVED as set forth herein.

2.  Pursuant to Bankruptcy Rule 3017(d), March 29, 2011, shall be the record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "**Record Date**").

3.  The Ballots, substantially in the forms attached hereto as Exhibit A-1 and Exhibit A-2 hereto, are APPROVED. The Ballots shall be distributed to holders of Claims in Class 3 and Class 4, as applicable, who are entitled to vote to accept or reject the Plan.

4.  To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to **Epiq Bankruptcy Solutions, LLC**, at the address set forth on the Ballots, either by (a) mail, (b) overnight courier, or (c) personal delivery so that, in each case, they are **actually received no later than 4:00 p.m. (prevailing Eastern Time) on May 4, 2011 (the "Voting Deadline")**. Delivery of a Ballot by facsimile, e-mail or any other electronic means will not be accepted or counted.

5. Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim or Interest and without prejudice to the rights of the Debtors in any other context, each Claim within Classes 3 and 4 shall be counted in accordance with the following rules (collectively, the "**Tabulation Rules**"):

    (a) Unless otherwise provided in the Tabulation Rules described below, a Claim will be deemed temporarily counted for voting purposes in an amount equal to (i) if a timely filed proof of claim has not been filed, the undisputed, liquidated and not contingent amount of such claim as set forth in the Schedules filed by the Debtors, or (ii) if a proof of claim has been timely filed, then in the amount of such claim as set forth in the timely filed proof of claim;

    (b) Ballots cast by creditors who timely file proofs of claim for unknown, undetermined, wholly unliquidated, or contingent amounts will count for satisfying the numerosity requirement of Section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of Section 1126(c) of the Bankruptcy Code;

    (c) If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

    (d) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

    (e) If a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, such Claim will be disallowed for voting purposes;

    (f) If the Debtors have filed and served an objection to a Claim at least ten (10) days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection;

    (g) Proofs of Claim filed for $0.00 shall be disallowed for voting purposes;

    (h) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims; and

    (i) If a holder of a Claim identifies a Claim amount on its Ballot that

is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily counted for voting purposes in the lesser amount identified on such Ballot.

6. If any Creditor seeks to challenge the amount of its Claim for voting purposes in accordance with the Tabulation Rules, such Creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve such motion on (a) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (Attention: Derek C. Abbott, Chad A. Fights and Alissa T. Gazze), (b) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attention: John F. Ventola and Sean M. Monahan), and (c) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: Juliet Sarkessian), so that it is received no more than twenty (20) days after the later of (i) the date of service of the Solicitation Package and (ii) the date of service of a notice of an objection, if any, to the underlying Claim. Any Ballot submitted by a Creditor that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

7. In tabulating the Ballots, the following additional procedures shall be utilized: (a) a failure to return a Ballot will not be counted either as a vote for or against the Plan; (b) any improperly completed, illegible, unsigned or late Ballot will not be counted either as a vote for or against the Plan; (c) any Ballot that does not indicate either an acceptance and rejection of the Plan will be deemed to constitute an invalid Ballot, and any Ballot that indicates both an acceptance and rejection of the Plan will be deemed a vote to accept the Plan; (d) any Ballot cast by a person or entity that does not hold a claim in a class that was entitled to vote to accept or

reject the Plan will not be counted; (e) any form of ballot other than the Ballot will not be counted; (f) any copy of a Ballot without an original signature will not be counted; and (g) if a Creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the latest dated Ballot received before the Voting Deadline will be deemed to reflect such holder's intent and thus to supersede any prior ballots.

8. Unless otherwise directed by the Bankruptcy Court, all questions as to the validity, form, eligibility (including time of receipt), acceptances and revocations or withdrawal of ballots will be determined by the Debtors, whose determination will be final and binding. The Debtors reserve the absolute right to: (a) contest the validity of any revocation or withdrawal of any vote on the Plan, (b) reject any and all ballots not in proper form, and (c) waive any defects or irregularities or conditions of delivery as to any particular ballot. The interpretation of the applicable requirements (including those with respect to the ballot and the instructions thereto) by the Debtors, unless otherwise directed by the Bankruptcy Court, will be final and binding on all parties. Unless waived, any defects or irregularities in connection with the deliveries of ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determine. Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Bankruptcy Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalid.

9. The Confirmation Hearing is scheduled to be conducted on **May 11**, 2011, at **9:30** a.m. **(prevailing Eastern Time)**. The Confirmation Hearing may be continued from

time to time by the Court without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

10. Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection to confirmation of the Plan; and (d) be filed with the Court and a copy served on (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (Attention: Derek C. Abbott, Chad A. Fights and Alissa T. Gazze), (ii) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attention: John F. Ventola and Sean M. Monahan), and (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: Juliet Sarkessian) so that such objections are received no later than **4:00 p.m. (prevailing Eastern Time) on May 4, 2011** (the "**Confirmation Objection Deadline**"). Unless an objection to confirmation of the Plan is timely served and filed in accordance with this Disclosure Statement Order, it shall not be considered by the Court.

11. By no later than five (5) Business Days following entry of the Disclosure Statement Order, the Debtors shall serve the following materials by first class mail, postage prepaid, to the Office of the United States Trustee and to all holders of Claims in Classes 3 and 4 (as determined as of the Record Date): (a) this Disclosure Statement Order (excluding the exhibits thereto), (b) the Disclosure Statement, (c) the Plan, (d) a written notice, substantially in the form attached as Exhibit B to this Disclosure Statement Order (the "**Voting Party Notice**"); and (e) a Ballot, together with a pre-addressed, postage paid, return envelope to be used to return a completed Ballot (collectively, the "**Solicitation Package**").

12. If a Solicitation Package is returned as undeliverable, the Debtors shall resend such Solicitation Package only once, provided that the United States Postal Service has included a forwarding address at least ten (10) business days before the Voting Deadline.

13. The Debtors are authorized to make non-substantive modifications to the Disclosure Statement and the other documents in the Solicitation Package prior to distribution in order to insert dates and deadlines or make corrections or modifications of a typographical, conforming and/or ministerial nature.

14. By no later than five (5) Business Days after entry of the Disclosure Statement Order, the Debtors shall serve the Non-Voting Party Notices, substantially in the forms attached as Exhibit C-1 and Exhibit C-2 to this Disclosure Statement Order (the "**Non-Voting Party Notice**"), by first class mail, postage prepaid, to holders of unclassified Claims and to holders of Claims and Interests in Classes 1, 2, 5, and 6 (collectively, the "**Non-Voting Parties**"), as applicable. The Non-Voting Party Notices shall be deemed to constitute an adequate alternative disclosure statement under Section 1125(c) of the Bankruptcy Code and a summary plan under Bankruptcy Rule 3017(d).

15. At least twenty-five (25) days prior to the Voting Deadline, the Debtors shall publish notice of the Confirmation Hearing in the national edition of *The Wall Street Journal*.

16. Substantially contemporaneously with the service of the Solicitation Package and the Non-Voting Notices, the Debtors shall post the following chapter 11 related documents to the Balloting Agent's website: (i) the Plan, (ii) the Disclosure Statement, (iii) this Motion and any orders entered in connection with this Motion, (iv) the Solicitation Package, and (v) the Non-Voting Party Notices.

17. The notice procedures set forth above constitute good and sufficient notice of the Confirmation Hearing and the deadline and procedures for objecting to the confirmation of the Plan, and no other or further notice shall be necessary.

18. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Disclosure Statement Order without seeking further Order of the Court.

19. The Court shall retain jurisdiction over the interpretation and enforcement of this Disclosure Statement Order.

Dated: **March 29**, 2011
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE