## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| TPH SELLER, INC. (f/k/a THOMPSON PUBLISHING HOLDING CO., INC.), *et al.*,[1] | Case No. 10-13070 (PJW) |
| | Jointly Administered |
| Debtors. | **Ref. Dkt. No. 295** |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
## ORDER CONFIRMING DEBTORS' FIRST AMENDED PLAN OF LIQUIDATION
## AND GRANTING RELATED RELIEF

### RECITALS

A. On September 21, 2010 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed with this Court a voluntary petition for relief under chapter 11 (the "Chapter 11 Cases") of title 11 of the United States Code (the "Bankruptcy Code").

B. Since the Petition Date, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. No trustee, or examiner has been appointed in these Chapter 11 Cases.

D. On March 28, 2011, the Debtors filed (i) the proposed Debtors' First Amended Plan of Liquidation (D.I. 295) (as the same may be further amended, supplemented, or otherwise

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): TPH Seller, Inc. (f/k/a Thompson Publishing Holding Co. Inc.) (5470), AHC Seller LLC (f/k/a AHC Media LLC) (2136), AES Seller, Inc. (f/k/a Alex eSolutions, Inc.) (5725), TPG Seller, Inc. (f/k/a Thompson Publishing Group, Inc.) (2093), PI Seller, Inc. (f/k/a The Performance Institute, Inc.) (8059), TPG AES Holding Seller, Inc. (f/k/a TPG AES Holding Co., Inc.) (1658), and TPD Seller, LLC (f/k/a Thompson Publishing Development, LLC) (2093), c/o P.O. Box 26185, Tampa, FL 33623-6185.

modified from time to time, the "Plan")² and (ii) the Disclosure Statement for Debtors' First Amended Plan of Liquidation (D.I. 294) (the "Disclosure Statement").

E.        On March 29, 2011, after due notice and a hearing, this Court entered an order (D.I. 298) (the "Disclosure Statement Order") that, among other things, (i) approved the Disclosure Statement as containing adequate information, (ii) fixed a voting record date, (iii) approved the solicitation packages (the "Solicitation Packages") and procedures for distribution thereof (the "Solicitation Procedures"), (iv) approved the forms of ballots (the "Ballots") and established procedures for voting on the Plan, (v) scheduled a hearing for May 11, 2011 at 9:30 a.m. (prevailing Eastern Time) to consider confirmation of the Plan (the "Confirmation Hearing") and (vi) established notice and objection procedures with respect to Confirmation, including a form of confirmation hearing notice (the "Confirmation Hearing Notice") and a form of notice for Non-Voting Parties (as defined in the Disclosure Statement Order).

F.        The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Disclosure Statement Order, as evidenced by the Affidavit of Service signed by James F. Daloia, Esq. (the "Daloia Affidavit"), dated and sworn to on April 7, 2011 (D.I. 324).

G.        Adequate and sufficient notice of the Confirmation Hearing and other requirements and deadlines, hearings and matters described in the Disclosure Statement Order was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.  As evidenced by the Daloia Affidavit, the Solicitation Package (as defined in the Disclosure Statement Order) was mailed on April 5, 2011 to all holders of Claims

---

² Unless otherwise specified, capitalized terms and phrases used herein have the meanings ascribed to such terms in the Plan.

in Classes 3 and 4. As evidenced by the Daloia Affidavit, the Non-Voting Party Notice was mailed on April 5, 2011 to all holders of unclassified Claims and Claims in Classes 1, 2, 5 and 6. As evidenced by the Albert Fox Affidavit, on April 4, 2011, notice of the Confirmation Hearing was published in *The Wall Street Journal*. No other or further notice of the Confirmation Hearing was or is required.

H.     The Disclosure Statement Order established (i) March 29, 2011 as the record date (the "Record Date") for determining which creditors were entitled to vote to accept or reject the Plan and (ii) 4:00 p.m. (prevailing Eastern Time) on May 4, 2011 as the voting deadline to return completed Ballots to the Debtors. On May 9, 2011, the Debtors filed the Declaration of Stephenie Kjontvedt on Behalf of Epiq Bankruptcy Solutions, LLC, Regarding Voting And Tabulation of Ballots Accepting and Rejecting Debtors' First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, Dated March 28, 2011, dated and sworn to on May 9, 2011] (D.I. 336), attesting and certifying the method and results of the Ballot tabulation for the Voting Class (the "Voting Report"). As evidenced by the Voting Report, Ballots were tabulated in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

I.     The Disclosure Statement Order also established 4:00 p.m. (prevailing Eastern Time) on May 4, 2011 (the "Objection Deadline") as the deadline to object to confirmation of the Plan (unless extended by the Debtors). No objections to confirmation of the Plan were filed or received.

J.     On May 9, 2011] the Debtors filed the Declaration of James J. Loughlin, Jr. in Support of Confirmation of Debtors' First Amended Plan of Liquidation, Dated March 28, 2011, dated and sworn to on May 9, 2011 (D.I. 337) (the "Loughlin Declaration").

NOW, THEREFORE, this Court having reviewed and considered the Disclosure Statement, the Plan, the Daloia Affidavit, the Voting Report, and the Loughlin Declaration; this Court having considered all evidence submitted with respect to confirmation of the Plan; this Court having taken judicial notice of the papers and pleadings on file in these Chapter 11 Cases; it appearing to this Court that notice of the Confirmation Hearing was adequate, sufficient, and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby and the legal and factual bases presented to the Court establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor, this Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

### A.    Jurisdiction and Venue.

1.    This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in the United States Bankruptcy Court for the District of Delaware was proper as of the Petition Date and continues to be proper.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  The statutory predicates for the confirmation of the Plan are sections 105(a), 365, 503, 507, 1123, 1129, 1142 and 1146(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6006(a) and (c), 9007 and 9014.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    Eligibility for Relief.

2.    The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

### C.     Judicial Notice.

3.     This Court takes judicial notice of (and deems admitted into evidence for purposes of confirmation of the Plan) the docket of these Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before this Court during the pendency of the Chapter 11 Cases.  Resolutions of objections, if any, to Confirmation are hereby incorporated by reference.  Unresolved objections, statements, and purported reservations of rights, if any, are overruled on the merits.

### D.     Burden of Proof.

4.     The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

### E.     Transmittal and Mailing of Materials; Notice.

5.     As evidenced by the Daloia Affidavit, due, adequate, and sufficient notice of the Disclosure Statement, Plan, and Confirmation Hearing, together with all deadlines for voting or objecting have been given to: (a) the U.S. Trustee; (b) Holders of Claims in Classes 1 through 5 and Holders of Interests in Class 6 (as determined as of the Record Date) (as defined in the Disclosure Statement Order); (c) parties that requested notice in accordance with Bankruptcy Rule 2002; and (d) certain other parties in interest, in substantial compliance with the Disclosure Statement Order and Bankruptcy Rules 2002(b), 3017, and 3020(b), and no other or further notice is or shall be required.

### F.     Solicitation.

6.     Votes for acceptance and rejection of the Plan were solicited in good faith and such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy

Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and all other applicable rules, laws, and regulations. Such transmittal and service of the Solicitation Packages were adequate and sufficient. No further notice is or shall be required. If an entity changed its mailing address after the Petition Date, the burden was on such entity, not the Debtors, to advise the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq") of the new address. All procedures used to distribute solicitation materials to Holders of Claims and Interests were fair, and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and all other applicable rules, laws, and regulations.

### G.      Bankruptcy Rule 3016.

7.      The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Clerk of the Court satisfies Bankruptcy Rule 3016(b).

### H.      Compliance with the Requirements of Bankruptcy Code Section 1129.

8.      As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

### Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.

9.      The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a) of the Bankruptcy Code, including sections 1122 and 1123.

**a. Section 1122 and 1123(a)(1)—Proper Classification of Claims and Interests.**

10.     In addition to Administrative Expense Claims and Professional Fee Claims, which need not be classified, the Plan designates five Classes of Claims and one Class of Interests. See Plan at Section 4. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among Holders of Claims or Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**b. Section 1123(a)(2)—Specification of Unimpaired Classes.**

11.     Section 4 of the Plan specifies that each of Classes 1 and 2 are Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

**c. Section 1123(a)(3)—Specification of Treatment of Impaired Classes.**

12.     Section 4 of the Plan designates each of Classes 3, 4, 5 and 6 as Impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

**d. Section 1123(a)(4)—Equal Treatment within Classes.**

13.     Section 5 of the Plan provides for the same treatment by the Debtors for each Claim or Interest in a particular Class unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

e.    **Section 1123(a)(5)—Implementation of Plan.**

14.    Section 7 of the Plan provides adequate and proper means for implementation of the Plan. Therefore, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

f.    **Section 1123(a)(6)—Voting Power of Equity Securities.**

15.    The Debtors will not continue any business operations after the Effective Date. Further, no stock of the Debtors will be distributed under the Plan and all existing Interests in the Debtors shall be deemed cancelled under the Plan. Thus, the requirements of section 1123(a)(6) of the Bankruptcy Code are satisfied.

g.    **Section 1123(a)(7)—Selection of Officers and Directors.**

16.    Until such time as the effective date occurs, it is anticipated that the Debtors' existing board of directors will remain in place. Section 7 of the Plan provides that, subject to any requirement of Court approval pursuant to section 1129(a)(5) of the Bankruptcy Code, and except as otherwise disclosed in the Disclosure Statement, as of the Effective Date, the Liquidating Supervisor will assume all responsibilities, duties and obligations of the Debtors' board of directors, members and officers that arise after the Effective Date under the Plan and is empowered and authorized to satisfy such responsibilities, duties and obligations without further corporate or limited liability company authorization, as applicable, as may have been required prior to the Effective Date. The provisions of the Plan governing the selection of directors and officers of the Debtors are consistent with the interests of creditors and equity security holders and with public policy as to the manner and selection of any officer or director and any successor thereto, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Pursuant to section 1123(a)(7) of the Bankruptcy Code, the Debtors disclosed, on or prior to the Confirmation Date, the identity and affiliations of any Person proposed to serve on the initial boards of directors of

the Debtors in the Plan and, to the extent such Person is an insider of any of the Debtors, the nature of any compensation to be paid to such Person. Thus, the requirements of Bankruptcy Code section 1123(a)(7) are satisfied.

### h. Section 1123(a)(8)—Future Income.

17. Each of the Debtors is a corporation or a limited liability corporation. Accordingly, section 1123(a)(8) of the Bankruptcy Code is not implicated by the Plan.

### i. Section 1123(b)(1)—Impairment and Unimpairment.

18. Pursuant to section 1123(b)(1) of the Bankruptcy Code, Section 4 of the Plan specifies that each of Classes 1 and 2 are Unimpaired under the Plan, and each of Classes 3, 4, 5 and 6 are Impaired under the Plan.

### j. Section 1123(b)(2)—Rejected Executory Contracts and Unexpired Leases.

19. The Plan satisfies all requirements for the rejection of any remaining executory contracts and unexpired leases contained in the Bankruptcy Code.

### k. Section 1123(b)(3)—Exculpations.

20. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the settlements, compromises, exculpations, and injunctions set forth in the Plan and implemented by this Confirmation Order, are fair, equitable, reasonable, in good faith, and are in the best interests of the Debtors, and the Debtors' estates and holders of Claims and Interests. The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the exculpations and injunctions provided for in Section 14 of the Plan.

### l.      **Section 1123(b)(6)—Permissive Provisions.**

21.    The Plan contains other permissive provisions that are consistent with the applicable provisions of the Bankruptcy Code and, thus, the Plan satisfies the requirements of section 1123(b)(6) of the Bankruptcy Code.

### Section 1129 (a)(2)--Debtors' Compliance with the Applicable Provisions of the Bankruptcy Code.

22.    The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

(a)    the Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code;

(b)    the Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c)    the Debtors have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126(b), the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Materials and in soliciting and tabulating votes on the Plan.

### Section 1129(a)(3)—Plan Proposed in Good Faith.

23.    The Debtors have proposed the Plan in good faith and not by any means forbidden by law, which is evident from the facts and record of the Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of liquidating the Debtors' remaining assets in a manner that is (a) timely, orderly and efficient, (b) in the best interests of the Debtors' estates and Holders of Allowed Claims, and (c) in accordance with the Bankruptcy Code, the Bankruptcy Rules, and orders of this Court. Accordingly, the Plan satisfies section 1129(a)(3) of the Bankruptcy Code.

### Section 1129(a)(4)—Payments for Services or Costs and Expenses.

24.    Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

### Section 1129(a)(5)—Directors, Officers and Insiders

25.    Until such time as the Effective Date occurs, it is anticipated that the Debtors' existing board of directors will remain in place.  The identity and affiliations of each of the persons proposed to serve as the board of directors of the Debtors and the officers of the Debtors on and after the Effective Date were disclosed in the Plan, and the appointment to such positions of such persons is consistent with the interests of creditors and equity security holders and with public policy.  Accordingly, the Debtors have complied with section 1129(a)(5) of the Bankruptcy Code.

### Section 1129(a)(6)—No Rate Changes.

26.    The Plan does not provide for any change in rates subject to governmental regulation.  Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in these Chapter 11 Cases.

### Section 1129(a)(7)—Best Interests of Creditors Test.

27.    The material disclosed contained in the Disclosure Statement and other evidence proffered or adduced with respect to confirmation of the Plan (i) are persuasive and credible, (ii) have not been successfully challenged or controverted by other evidence, and (iii) establish that each holder of a Claim or Interest in an Impaired Class either (x) has accepted the Plan or (y) will receive or retain under the Plan, on account of such Claim or Interest, property of

a value, as of the Effective Date of the Plan, that is not less than the amount that it would have received if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

### Section 1129(a)(8)—Acceptance or Rejection by Certain Classes.

28.     Holders of Claims and Interests in Classes 1 and 2 are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. As set forth in the Voting Report, the percentages of Holders of Claims in Classes 3 and 4 that voted to accept or reject the Plan are as follows:

| Impaired Class of Claims | Percentage Accepting of Voted Claims (Dollar Amount) | Percentage Accepting of Voted Claims (Number of Claims) | Percentage Rejecting of Voted Claims (Dollar Amount) | Percentage Rejecting of Voted Claims (Number of Claims) |
|---|---|---|---|---|
| Class 3 (Allowed General Unsecured Claims) | $138,134.29 88.09% | 17 89.47% | $18,679.70 11.91% | 2 10.53% |
| Class 4 (Allowed Deficiency Claims of First Lien Secured Parties) | $35,680,557.53 100.00% | 10 100.00% | $0.00 0.00% | 0 0.00% |

Accordingly, Holders of Allowed General Unsecured Claims in Class 3 and Allowed Deficiency Claims of First Lien Secured Parties in Class 4 have accepted the Plan pursuant to section 1126(c) of the Bankruptcy Code. Holders of Claims in Class 5 (Allowed Deficiency Claims of Second Lien Claimholders) and Class 6 (Interests) are conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Plan, therefore, does not satisfy section 1129(a)(8) of the Bankruptcy Code. Notwithstanding the lack of compliance with

section 1129(a)(8) of the Bankruptcy Code with respect to Classes 5 and 6, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such Classes, as set forth below.

### Section 1129(a)(9)—Treatment of Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, and Other Priority Claims.

29.     The treatment of Administrative Expenses and Priority Claims pursuant to Sections 3 and 4 of the Plan satisfies the requirements of sections 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code.

### Section 1129(a)(10)--Acceptance of at Least One Impaired Class.

30.     As set forth in the Voting Report, Classes 3 and 4 voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider.   Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

### Section 1129(a)(11)—Feasibility.

31.     The Plan satisfies section 1129(a)(11) of the Bankruptcy Code because confirmation of the Plan provides for the liquidation and distribution of all of the Debtors' Assets. The Plan is thus found and determined to be feasible.

### Section 1129(a)(12)—Payment of Certain Fees.

32.     All fees payable under 28 U.S.C. § 1930 either have been paid or will be paid pursuant to Section 14.11 of the Plan.

### Section 1129(a)(13)—Continuation of Retiree Benefits.

33.     The Debtors have no retiree benefit obligations and, thus, section 1129(a)(13) of the Bankruptcy Code is inapplicable.

### Section 1129(a)(14) and (15)—Postpetition Domestic Support Obligations and Disposable Income.

34.     Sections 1129(a)(14) and (15) of the Bankruptcy Code impose certain requirements on individual chapter 11 debtors.  Each of the Debtors is a corporation or limited liability company. Accordingly, sections 1129(a)(14) and (15) of the Bankruptcy Code are not implicated by the Plan.

### Section 1129(a)(16)—Transfers of Property by Nonprofit Entities.

35.     Section 1129(a)(16) of the Bankruptcy Code imposes certain requirements on corporations or trusts that are not a moneyed, business or commercial corporation or trust. Each of the Debtors is a moneyed, business or commercial corporation.  Accordingly, section 1129(a)(16) of the Bankruptcy Code is not implicated by the Plan.

### Section 1129(b)—Confirmation of Plan Over Nonacceptance of Impaired Classes.

36.     As described above, the Plan satisfies all of the applicable requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8).  Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that not all Impaired Classes have voted to accept the Plan.  Classes 3 and 4, the only impaired classes other than Classes 5 and 6, have voted to accept the Plan.  With respect to Classes 5 and 6, no Holders of Claims or Interests that are subordinate to those Classes, as applicable, will receive or

retain any property under the Plan. Accordingly, the requirements of section 1129(b)(2)(C)(ii) are satisfied with respect to Classes 5 and 6, the Plan is fair and equitable with respect to such Classes, and the Plan does not unfairly discriminate against such Classes. Moreover, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code and shall be confirmed notwithstanding the requirements of section 1129(a)(8) of the Bankruptcy Code. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes, including Classes 5 and 6.

### Section 1129(c)—Only One Plan.

37. Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of 1129(c) of the Bankruptcy Code have been met.

### Section 1129(d)—Principal Purpose.

38. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act, and no governmental unit has objected to confirmation of the Plan on any such grounds. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

### I.    Section 1125(e)—Good Faith Solicitation.

39. Based on the record before the Court in these Chapter 11 Cases, the Debtors have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(a) and (e) of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation. Specifically, the Debtors and their officers, directors, agents, financial advisors, attorneys, employees, equity olders, partners, affiliates, and representatives

have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in connection with all activities relating to the solicitation of acceptances or rejections of the Plan; and therefore shall not be liable, at any time, for any violation of any applicable law, rule, or regulation, governing solicitation of acceptances or rejections of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 14 of the Plan.

### J. **Bankruptcy Rule 3018.**

40. The solicitation of votes to accept or reject the Plan solely from Holders of Claims in Class 3 (General Unsecured Claims) and Class 4 (Allowed Deficiency Claim of First Lien Secured Parties), as of the Record Date, satisfies Bankruptcy Rule 3018. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

### K. **Implementation.**

41. All documents necessary to implement the Plan and all other relevant and necessary documents have been negotiated in good faith and at arms-length, are in the best interests of the Debtors, and shall, upon execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.

### L. **Good Faith.**

42. The Debtors and their respective officers, directors, agents, financial advisors, attorneys, employees, equity holders, partners, affiliates, and representatives, including, without limitation, the Liquidating Supervisor, will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby, and (ii) take the actions authorized and directed by this Confirmation Order.

## M.     Retention of Jurisdiction.

43.     Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law and shall also have jurisdiction over the matters set forth in Section 13 of the Plan.

## ORDER

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:

### A.     Confirmation.

44.     For the reasons set forth herein, all requirements for confirmation of the Plan have been satisfied. Accordingly, the Plan is confirmed under section 1129 of the Bankruptcy Code. All objections to the Plan not heretofore settled or withdrawn are overruled in their entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

### B.     Findings of Fact and Conclusions of Law.

45.     The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

### C. Provisions of Plan and Order Nonseverable and Mutually Dependent.

46. The provisions of the Plan as confirmed by this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

47. All documents and agreements introduced into evidence by the Debtors (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by the Debtors and the signatories thereto, are authorized and approved.

### D. Modifications to Plan.

48. The Plan may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127(b) of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as this Court may otherwise direct. After the Confirmation Date, if a modification does not materially or adversely affect the treatment of Holders of Claims or Interests, the Debtors may modify the Plan without the approval of the Court. In the event that any such modification is made, notice of the same will be filed with the Court. If an alteration or modification materially and adversely affects the treatment of Holders of Claims or Interests under the Plan, the Debtors may institute proceedings in the Court to make such alteration, provided that such alteration or modification is made in compliance with section 1127 of the Bankruptcy Code.

### E. Solicitation and Notice.

49. Notice of the Confirmation Hearing and the solicitation of votes on the Plan complied with the terms of the Disclosure Statement Order, the Solicitation Procedures, the

Bankruptcy Code, and the Bankruptcy Rules, and was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases.

## F.    Plan Classification Controlling.

50.    The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications and amounts of Claims, if any, set forth on the Ballots returned by the Debtors' creditors in connection with voting on the Plan (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual amount or classification of such Claims under the Plan for distribution purposes and (iii) shall not be binding on the Debtors for any purposes other than the tabulation of Ballots.

## G.    Administrative Consolidation.

51.    The Plan provides for the administrative consolidation of the Estates, for all purposes associated with confirmation of the Plan and consummation of the transactions contemplated thereby, as set forth more fully in Section 2 of the Plan.

52.    This Confirmation Order shall constitute an order directing the administrative consolidation of the Debtors as set forth in Section 2 of the Plan in all respects.

## H.    Binding Effect.

53.    Pursuant to section 1141 of the Bankruptcy Code, except as otherwise expressly provided in the Plan, on and after the Effective Date, the Plan and all exhibits thereto, and this Confirmation Order shall bind: (a) the Debtors and their estates; (b) all Holders of Claims and Interests in any of the Debtors, whether known or unknown, whether or not impaired under the Plan and whether or not, if impaired, such Holders accepted the Plan; (c) any holders of liens against or on all or any portion of the Debtors' estates and all non-Debtor counterparties

to any assumed executory contracts and unexpired leases; (d) any other party-in-interest; (e) any Person making an appearance in these Chapter 11 Cases, and (f) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. This Confirmation Order shall inure to the benefit of the Debtors, their estates, their creditors and their respective successors and assigns. Upon the occurrence of the Effective Date, the Plan shall be deemed consummated under sections 1101 and 1127(b) of the Bankruptcy Code. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to consummate the transactions contemplated by the Plan in accordance with the terms of the Plan and this Confirmation Order.

### I. Documentation.

54. The Debtors are authorized to execute and deliver all documents contemplated by the Plan or otherwise necessary to implement the Plan and to take all steps deemed necessary by the Debtors to consummate the transactions contemplated thereby, all without further order of the Court, vote of the shareholders of the Debtors or approval of the Debtors' boards of directors.

### J. Exculpation and Related Provisions Under the Plan.

55. Except as otherwise expressly provided in the Plan, this Confirmation Order or a separate order of this Court, the exculpation provisions set forth in Sections 14.8 and 14.9 of the Plan are approved and shall be effective as of the Effective Date. The exculpation provision set forth in Section 14.8 of the Plan, which is hereby approved, provided as follows:

> **Neither the Debtors, the Liquidating Supervisor, nor any of their respective current and former members, shareholders, affiliates, officers, directors, employees, attorneys, actuaries, accountants, financial advisors, investment bankers, professionals, advisors or agents shall have or incur any liability to**

any holder of a Claim or Interest or any other Person for any act or omission in connection with, or arising out of, the Chapter 11 Cases, the pursuit of confirmation of this Plan, the preparation and distribution of the Disclosure Statement, the Asset Purchase Agreement, the solicitation of votes with respect to this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan except for any such liability based on the willful misconduct or gross negligence of such parties, as determined by a Final Order of the Bankruptcy Court, or based on the failure of the Liquidating Supervisor to make a Distribution to Creditors in accordance with this Plan, and, in all respects, the Debtors, the Liquidating Supervisor, and each of their respective current and former members, shareholders, affiliates, officers, directors, employees, attorneys, actuaries, accountants, financial advisors, investment bankers, professionals, advisors and agents shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

The release provision set forth in Section 14.9 of the Plan, which is hereby approved,

provided as follows:

Pursuant to this Plan, as of the Effective Date, (a) the Debtors, their Estates, the Post-Confirmation Estate, the Liquidating Supervisor and their respective successors and assigns and any Person claiming a right in a derivative capacity on their behalf, and (b) each holder of a Claim that actually votes to accept or reject the Plan and, in connection therewith, does not mark its Ballot so as to indicate its refusal to grant the releases described in the Plan, hereby unconditionally and irrevocably release all of the Released Parties (defined below) from any and all direct, indirect or derivative claims, obligations, suits, judgments, Liens, damages, rights, liabilities, rights of contribution and indemnification, and all other Causes of Action not otherwise transferred to the Purchaser pursuant to the Asset Purchase Agreement (other than the right of the Debtors and the Liquidating Supervisor, as applicable, to enforce this Plan and any and all contracts, instruments, releases, indentures and other agreements or documents delivered thereunder), whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based on or relating to or in any manner arising from, in whole or in part, the Debtors, their Estates, their property, assets, operations or liabilities, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor, any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation or preparation of this Plan and the Disclosure Statement, or related agreements, instruments or other documents, which claims, obligations, suits, judgments, Liens, damages, rights, liabilities, rights of contribution and indemnification, and other Causes of Action are based in whole or in part on any act, omission, transaction, event or other occurrence

(except for willful misconduct or gross negligence) taking place before the Effective Date. For the purposes of this Plan, "Released Parties" means the Debtors, their Estates, the Post-Confirmation Estate, and the Liquidating Supervisor, together with each of their respective members, officers, directors, employees, advisors, actuaries, attorneys, financial advisors, investment bankers, professionals and agents.

### K.     Continuation of Automatic Stay.

56.     Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate Order of this Court, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the occurrence of the Effective Date.

### L.     Provisions Regarding Distributions.

57.     The provisions contained in Section 8 of the Plan, including without limitation, the provisions governing distributions, are found to be reasonable and are hereby approved.

### M.     No Distributions to Classes 5 and 6.

58.     Pursuant to Sections 4 and 8 of the Plan, Holders of Claims in Class 5 (Allowed Deficiency Claims of Second Lien Lenders) and Holders of Interests in Class 6 (Interests) shall not receive or retain any property or distributions on account of such Claims or Interests under the Plan.

### N.     Setoffs and Recoupments.

59.     Except as provided in the Plan or as provided in a prior or future order of the Court, the Debtors will be permitted, but not required, to setoff against any Claim, or the distributions to be made under the Plan on account of such Claim, any claims of any nature whatsoever the Debtors have against the Holder of such Claim. In addition, neither the failure to

exercise any such setoff nor the allowance of any Claim under the Plan will constitute a waiver or release by the Debtors of any such Claim the Debtors may have against such Creditor. Any Holder of a Claim with respect to which the Debtors have exercised any setoff or recoupment rights shall have the right to challenge the exercise of such setoff or recoupment rights by filing an objection with this Court within thirty (30) days after the date upon which such rights are exercised, and this Court shall retain jurisdiction to consider such objection.

### O. Procedures for Resolving Disputed Claims and Rejection Claims.

60. The provisions contained in Sections 9 and 10 of the Plan are found to be reasonable and are hereby approved.

### P. Professional and Other Fees.

61. All entities seeking an award by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date under sections 330 or 503(b) of the Bankruptcy Code (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is sixty (60) days after the Effective Date (the "Professional Fee Claim Bar Date"). Any and all applications for the final allowance of Professional Fee Claims shall be Filed and served upon counsel to the Debtors, counsel to the Purchaser, the United States Trustee, and all Persons on the Debtors' Bankruptcy Rule 2002 service list on or before the Professional Fee Claim Bar Date. The Final Fee Hearing shall be held as soon as practicable after the Professional Fee Claim Bar Date. The Debtors' counsel shall File a notice of the Final Fee Hearing. Such notice shall be posted on the website of Epiq Bankruptcy Solutions, LLC (http://dm.epiq11.com/TPI/docket) (the "Noticing Agent Website"), and served upon counsel for the Purchaser, all Professionals, the United States Trustee and all parties on the Debtors'

Bankruptcy Rule 2002 service list. Notwithstanding anything to the contrary in Bankruptcy Rules, service of the notice of the Final Fee Hearing as provided herein shall constitute good and sufficient notice pursuant to applicable Bankruptcy Rules of entry of the Final Fee Hearing and, except as provided herein, no other or further notice need be given.

62. Notwithstanding anything to the contrary set forth in the Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Final Basis and (B) Utilize Cash Collateral of Pre-Petition Secured Parties on a Final Basis, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay and (IV) Granting Related Relief, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 (c), (d) & (e), 364(c), 364(d)(1), 364(e) and 507(b) (the "Final DIP Order"), any request by the DIP Agent and the DIP Lenders (as such terms are defined in the Final DIP Order) for reimbursement of any fees, costs and/or expenses payable pursuant to paragraph 3(e) of the Final DIP Order shall be made on or prior to the Professional Fee Claim Bar Date. Any such request shall comply in all other respects with the requirements of paragraph 3(e) of the Final DIP Order.

## Q. **Executory Contracts and Unexpired Leases.**

63. The provisions contained in Section 10 of the Plan, including, without limitation, the provisions regarding the rejection of the Debtors' executory contracts and unexpired leases are hereby approved and found to be fair and reasonable.

64. All executory contracts and unexpired leases of the Debtors which are not assumed and assigned, or rejected, prior to the Confirmation Date shall be deemed rejected. Any Creditor asserting a claim for monetary damages as a result of the rejection of an executory contract or unexpired lease pursuant to the Plan shall file a proof of claim substantially in the form of Official Form 10 with the clerk of the Bankruptcy Court ("Rejection Claim"), and serve

it upon Debtors' counsel such that it is received by Debtors' counsel within forty (40) days following the Confirmation Date.

65.     If no Rejection Claims are filed pursuant to Section 10.3 of the Plan, such Claims, if any, shall be forever disallowed and barred.  If one or more Rejection Claims are filed pursuant to Section 10.3 of the Plan, the Debtors may file one or more objections to any Rejection Claims Filed pursuant to Section 9 of the Plan.  If a Rejection Claim becomes Allowed, in full or in part, such Claim shall be a Class 3 Claim to the extent such Claim becomes Allowed and the holder of such Claim shall receive a Distribution as set forth in the Plan.

### R.     Authorization to Take Acts Necessary to Implement Plan.

66.     Pursuant to section 1142(b) of the Bankruptcy Code, 8 Del. C. § 303, and any comparable provision of the business corporation laws of any other state, each of the Debtors hereby is authorized and empowered to take such actions and to perform such acts as may be necessary, desirable, or appropriate to comply with or implement the Plan and any matters under the Plan, and all documents, instruments, and agreements related thereto, and the obligations thereunder shall constitute legal, valid, binding, and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms without the need for any shareholders' or board of directors' approval.  Each of the Debtors hereby is authorized and empowered to take such actions, to perform all acts, to make, execute, file, and deliver all instruments and documents, and to pay all fees and expenses as set forth in the documents relating to the Plan and that may be required or necessary for its performance thereunder without the need for any shareholders' or board of directors' approval.  On the Effective Date, the appropriate officers or representatives of the Debtors and members of the boards of directors of the same are authorized and empowered to issue, execute, file, and deliver the agreements,

documents, and instruments contemplated by or necessary to effectuate the Plan in the name of and on behalf of the Debtors. Each of the Debtors and the officers and directors thereof are authorized to take any such actions without further corporate action or action of the directors or stockholders of the Debtors.

67.     From and after the Effective Date, James J. Loughlin, Jr. or his successor shall serve as the Liquidating Supervisor of the Debtors through the earlier of (a) the date such Liquidating Supervisor resigns, is replaced or is terminated, and (b) the date upon which the Liquidating Supervisor has completed all of the duties and responsibilities of the Liquidating Supervisor set forth in Section 7.6 of the Plan. As of the Effective Date, the Liquidating Supervisor shall assume all of the responsibilities, duties and obligations of the Debtors' board of directors, members and officers, without the need for any further action. The Liquidating Supervisor may retain such attorneys (including special counsel), accountants, advisors, expert witnesses, and other professionals as he shall consider advisable without necessity of approval of the Bankruptcy Court. After the Effective Date, the Liquidating Supervisor shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of the professional persons employed by the Liquidating Supervisor in accordance with Section 14.10 of the Plan. Persons who served as Professionals to the Debtors prior to the Effective Date shall not be precluded from continuing to serve the Liquidating Supervisor after the Effective Date.

### S.     Cancellation of Intercompany Claims, Existing Securities and Agreements.

68.     Notwithstanding any other provision of the Plan, Intercompany Claims, Interests, and any promissory note, other instrument or security evidencing a Claim or Interest

shall be deemed automatically canceled without further action under any applicable agreement, law, regulation, order or rule, and the obligations of the Debtors thereunder shall be discharged.

### T. Governmental Approvals Not Required.

69. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements contained therein, and any amendments or modifications of any of the foregoing.

### U. Notice of Entry of Confirmation Order.

70. Notwithstanding anything to the contrary in Bankruptcy Rules 2002 and 3020, within five (5) business days following the date of entry of this Confirmation Order, the Debtors shall serve notice of entry of this Confirmation Order, substantially in the form annexed hereto as **Exhibit A** (the "Confirmation Notice"), upon (i) the U.S. Trustee, (ii) counsel to the Purchaser, (iii) all Holders of a scheduled claim or a filed proof of claim against one or more of the Debtors in these Chapter 11 Cases, and (iv) all parties filing a Notice of Appearance and Request for Service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, and shall post the Confirmation Notice on the Noticing Agent Website. The form of Confirmation Notice is hereby approved. Service of the Confirmation Notice as provided herein shall constitute good and sufficient notice pursuant to Bankruptcy Rules 2002 and 3020 of entry of this Confirmation Order and, except as provided herein, no other or further notice need be given.

## V.     **Notice of Effective Date**.

71.    Notwithstanding anything to the contrary in Bankruptcy Rule 2002, within five (5) business days after the occurrence of the Effective Date, the Debtors shall serve a notice of the occurrence of the Effective Date of the Plan, substantially in the form annexed hereto as **Exhibit B** (the "Effective Date Notice"), upon (i) the U.S. Trustee, (ii) counsel to the Purchaser, and (iii) all parties filing a Notice of Appearance and Request for Service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, and shall post the Effective Date Notice on the Noticing Agent Website. The form of Effective Date Notice is hereby approved and the service of the Effective Date Notice as provided herein shall be good and sufficient notice of the occurrence of the Effective Date under Bankruptcy Rule 2002.

## W.     **Insurance Policies**.

72.    Notwithstanding anything to the contrary in the Plan or this Confirmation Order, the director and officer insurance policy in effect as of the date of entry of this Confirmation Order that provides insurance coverage to the Debtors and their officers, directors and employees shall remain in effect through its expiration in accordance with the terms and conditions of such policy.

## X.     **Dissolution of Debtors**.

73.    On the Effective Date or as soon thereafter as is reasonably practicable, the affairs of the Debtors may be wound up and the Debtors may be dissolved at any time without the need for any further action or approval. Entry of the Final Decree in these Chapter 11 Cases shall effect such dissolution of all remaining Debtors to the extent permissible under applicable law.

## Y.    Records.

74.    Pursuant to section 554 of the Bankruptcy Code, the Debtors are authorized to abandon all originals and/or copies of documents and business records

## Z.    References to Plan Provisions.

75.    The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

## AA.    Confirmation Order Controlling.

76.    If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

## BB.    Applicable Non-Bankruptcy Law.

77.    Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, and the Plan, or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

## CC.    Effectiveness of Order.

78.    This Confirmation Order is and shall be deemed to be a separate order with respect to each of the Debtors for all purposes. This Confirmation Order is intended to be a final order and the period in which an appeal must be filed shall commence upon the entry hereof. Pursuant to Bankruptcy Rules 7062, 9014 and 6006(d), this Confirmation Order shall be effective immediately upon entry, absent entry of a stay of this Confirmation Order by a court of competent jurisdiction, and the Debtors are authorized to close the transactions contemplated by the Plan immediately upon the Effective Date.

### DD. Substantial Consummation.

79.     Substantial consummation of the Plan shall be deemed to occur on the Effective Date.

### EE. The Record.

80.     The record of the Confirmation Hearing was closed on May 11, 2011.

### FF. Reversal, Stay, Modification or Vacatur of Order

81.     If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of the Court, or any other court of competent jurisdiction, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act or obligation of the Debtors prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

### GG. Final Decree.

82.     Subsequent to the Effective Date, the Distribution and the Final Fee Hearing, Debtors' counsel shall File a certification of counsel requesting the entry of the Final Decree.

Dated: Wilmington, Delaware
      May __/ /__, 2011

 

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE