# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 10-13070 (PJW) |
| TPH SELLER, INC. (f/k/a THOMPSON | ) | |
| PUBLISHING HOLDING CO., INC.), *et* | ) | Jointly Administered |
| *al.,* [1] | ) | |
| | ) | **Re: D.I. 356;** 371 |
| Debtors. | ) | |

### ORDER AUTHORIZING
### CLAIMS AGENT TO REFLECT CERTAIN CLAIMS
### HAVE BEEN FULLY OR PARTIALLY SATISFIED

Upon the Motion for an Order Authorizing Claims Agent to Reflect Certain Claims Have

Been Fully of Partially Satisfied (the "Motion")[2] filed by James J. Loughlin, Jr., the Liquidating

Supervisor (the "Liquidating Supervisor") of the debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"), requesting an Order pursuant to sections 105 and

502 of the Bankruptcy Code and Bankruptcy Rule 9014 authorizing the Claims Agent to reflect

in the Claims Register that the Fully Paid Claims identified on **Exhibit A** to the Motion have

been satisfied in full and are entitled to no additional distributions and authorizing the Claims

Agent to reflect in the Claims Register that the Partially Paid Claims identified on **Exhibit B** to

the Motion have been partially satisfied and are entitled to reduced distributions; and upon the

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): TPH Seller, Inc. (f/k/a Thompson Publishing Holding Co. Inc.) (5470), AHC Seller LLC (f/k/a AHC Media LLC) (2136), AES Seller, Inc. (f/k/a Alex eSolutions, Inc.) (5725), TPG Seller, Inc. (f/k/a Thompson Publishing Group, Inc.) (2093), PI Seller, Inc. (f/k/a The Performance Institute, Inc.) (8059), TPG AES Holding Seller, Inc. (f/k/a TPG AES Holding Co., Inc.) (1658), and TPD Seller, LLC (f/k/a Thompson Publishing Development, LLC) (2093), c/o P.O. Box 26185, Tampa, FL 33623-6185.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

Declaration of Adam Levy in Support of Motion for an Order Authorizing Claims Agent to Reflect Certain Claims Have Been Fully or Partially Satisfied, attached to the Motion as **Exhibit C**; and upon all other documentation filed in connection with the Motion and the Satisfied Claims; and notice of the Motion having been given to, among other parties, the U.S. Trustee, each of the parties listed on **Exhibits A and B** to the Motion, those parties listed on the consolidated list of creditors holding the forty largest unsecured claims against the Debtors and all other parties requesting notice pursuant to Bankruptcy Rule 2002; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED with respect to each of the Satisfied Claims identified on **Exhibits A and B** attached to the Motion, except as set forth herein.

2.      The Motion, solely as it relates to Claim No. 23 of Search Technologies ("Claim No. 23"), is continued to the hearing scheduled for July 28, 2011 at 9:30 a.m. (ET) and this Order does not address the Motion as it relates to Claim No. 23.

3.      The Liquidating Supervisor withdraws the Motion with respect to claim numbers 72, 73 and 74, filed by Vertex Communication Group, Inc. ("Vertex"). For avoidance of doubt, the Motion is not withdrawn with respect to claim number 71 filed by Vertex.

4.      Except as set forth above, the Claims Agent is authorized to reflect in the Claims Register that the Fully Paid Claims identified on **Exhibit A** to the Motion have been satisfied in full and are entitled to no additional distribution from the Debtors' estates and the Partially Paid Claims identified on **Exhibit B** to the Motion have been partially satisfied and are entitled to reduced distributions.

5.      Each of the Satisfied Claims and the relief requested by the Liquidating Supervisor in the Motion as it relates to each such Satisfied Claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each Satisfied Claim. Any stay of this Order pending appeal by any claimants whose Satisfied Claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Motion or this Order.

6.      Nothing in the Motion or this Order shall be deemed or construed: (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Debtors' rights to dispute any claim; (c) to waive or release any right, claim, defense or counterclaim of the Debtors, or to estop the Liquidating Supervisor from asserting any right, claim, defense or counterclaim; (d) as an approval or assumption of any agreement, contract or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

8.      The Claims Agent is hereby authorized and directed to make such revisions to the official Claims Register as are necessary to reflect the relief granted in this Order.

9.      The Liquidating Supervisor, the Claims Agent and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

10. This order is without prejudice to the Liquidating Supervisor's right to object to any claims or interests filed in these Chapter 11 cases.

11. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _June 2 4_, 2011
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

4818224v5